UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-MJ-91-TBR

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.

CHARLES L. BOULTON                                                                                DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion in Limine (Docket #22). Defendant has responded (Docket #26). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

Defendant Charles L. Boulton ("Boulton") is charged with five counts of willful failure to file income tax returns for the years 2002 through 2006 in violation of 26 U.S.C. § 7203. The United States moves the Court to exclude certain arguments, exhibits, and testimony it argues are irrelevant to the factual determinations to be made by the jury and substantially more prejudicial than probative. Specifically, the United States moves to exclude (1) statements regarding Boulton's interpretation of the law during opening statements and closing arguments; (2) evidence in support of Boulton's interpretation of the law; (3) "expert" testimony regarding alternative interpretations of tax law; (4) lay opinion testimony regarding Boulton's state of mind or their own personal interpretations of tax law; (5) documents that are inadmissible hearsay, and (6) evidence that is more prejudicial than probative under Federal Rule of Evidence 403.

**I.      Opening & Closing Statements**

Boulton is a tax protester. Although counsel has been appointed for him, Boulton has largely proceeded *pro se* in this matter. He has filed numerous notices with the Court arguing that the present action must be dismissed for lack of jurisdiction, lack of legal authority by the

United States to prosecute him, and on the basis of both the holy scriptures and the Uniform Commercial Code. The United States argues that these notices lack legal merit and are likely to confuse and/or mislead the jury. Therefore, Boulton should be excluded from making any reference to these arguments in his opening statements and closing arguments.

Generally, opening statements are limited to argument concerning the facts a party plans to present as evidence at trial. Thus, a defendant cannot reference in his opening statement facts that have been found by the court to be irrelevant or more prejudicial than probative under the Federal Rules of Evidence. Accordingly, the Court finds that Boulton's opening statement, should he decide to present one, is limited to the extent that he addresses evidence that has been excluded by the Court's evidentiary rulings in this Opinion and Order.

"[C]losing argument for the defense is a basic element of the adversary factfinding process in a criminal trial." *Herring v. New York*, 422 U.S. 853, 858 (1975). During closing argument, counsel for the defendant is permitted to argue all reasonable inferences from the evidence. *United States v. Vining*, 224 Fed. App'x 487, 496-97 (6th Cir. 2007). At the same time, district courts are "given great latitude in controlling the duration and limiting the scope of closing summations." *Herring*, 442 U.S. at 862. Within its discretion, a district court "may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial." *Id.* For example, district courts may prohibit counsel from making statements that call for speculation, assuming facts not in evidence, or otherwise referencing facts that are unsupported by the evidence. *Vining*, 224 Fed. App'x at 497.

The Court's ruling as to what Boulton may address in his opening statement is likewise applicable to his closing argument. Boulton may not address evidence that the Court has

excluded as inadmissible in its evidentiary rulings. Furthermore, "it is within the sole province of the court to determine the applicable law and to instruct the jury as to that law." *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999). Therefore, the Court finds that Boulton may not address his own interpretations of the law in his opening statement and closing argument since doing so would speak to questions of law, not fact, and would improperly invade the province of the Court. However, the Court's ruling does not limit Boulton's ability to speak to questions of fact in his opening statement and closing argument. For example, Boulton may make arguments regarding his subjective belief that the law did not impose upon him a duty to pay income taxes.

## II. Evidence of Willfulness

The United States argues that evidence presented by Boulton in support of his own interpretation of the law, particularly that the tax code is unconstitutional, should be excluded as irrelevant to the issue of willfulness.

To be found guilty of willful failure to file a tax return under 26 U.S.C. § 7203, the United States must prove that the defendant "willfully" failed to file a return. In *Cheek v. United States*, the Supreme Court held that a defendant may not be convicted of willfully failing to file tax returns if he held a subjective belief that the law did not impose upon him a duty to file tax returns. 498 U.S. 192 (1991); *see also United States v. Gaumer*, 972 F.2d 723, 724 (6th Cir. 1992). The Supreme Court explained:

> It would of course be proper to exclude evidence having no relevance or probative value with respect to willfulness; but it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.

*Cheek*, 498 U.S. at 203. Nonetheless, "a defendant's views about the validity of the tax statutes

are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper.  For this purpose, it makes no difference whether the claims of invalidity are frivolous or have substance." *Id.* at 206.

Accordingly, the Court finds that evidence that the tax code is invalid or unconstitutional is inadmissible for the purpose of demonstrating Boulton's lack of willfulness.  However, the Court finds that such evidence, if relevant, is admissible to show Boulton's own belief that his income was not taxable.

### III.     Expert Testimony

Next, the United States moves to exclude expert testimony offered by Boulton regarding alternative interpretations of tax law.  The expert disclosure deadline has passed and Boulton has not moved to disclose any expert witnesses.  Therefore, the issue is not properly before the Court at this time.

### IV.     Lay Testimony

The United States argues that lay opinion testimony regarding a witness's opinion as to Boulton's personal beliefs about the tax code is inadmissible as speculative.  The United States also argues that lay opinion testimony regarding a witness's person beliefs about the tax code is irrelevant.

Federal Rule of Evidence 701 governs opinion testimony by lay witnesses.  Rule 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

4

Fed. R. Evid. 701. In *United States v. Hauert*, the Seventh Circuit explained that "by the nature of a tax protestor case, [a] defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to [a] defendant's knowledge about tax laws and [a] defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances." 40 F.3d 197, 201 (7th Cir. 1994). The Seventh Circuit concluded that lay opinion testimony concerning a criminal defendant's knowledge of tax law rarely satisfies the requirements of Rule 701 because of its subjectivity and general unhelpfulness to the jury. *Id.* (citing *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992)). However, the *Hauert* court found that lay opinion testimony was admissible as to the defendant's honesty and sincerity, since such evidence went to the defendant's good faith defense, and not his state of mind. *Id.*

The Sixth Circuit has yet to address this issue of whether lay opinion testimony concerning a defendant's state of mind in a tax protester case is permissible under Rule 701. The Court adopts the reasoning of the Seventh Circuit, and finds that lay opinion testimony as to Boulton's knowledge or state of mind is inadmissible. However, lay opinion testimony is admissible regarding a witness's personal observations of Boulton's honesty or sincerity.

The Court also finds that it is improper for a lay witness to testify as to his or her own personal beliefs about the tax code. It is the responsibility of the Court, not testifying witnesses, to define what the law is. "The law is neither introduced as evidence nor presented through witnesses at trial. To permit a witness to testify in the presence of the jury on the proper interpretation of the law would impermissibly infringe on the function of the court and would risk serious confusion of the jury." *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979);

5

*see also Torres v. County of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985). Accordingly, the Court finds that no lay witness may testify as to his or her own interpretation of tax law.

## V. Documentation

The United States argues that any documents created by Boulton regarding his own interpretation of the tax code are inadmissible as lacking evidentiary foundation and as self-serving hearsay.

In *United States v. Hughes*, the Sixth Circuit held that it was consistent with the Supreme Court's decision in *Cheek*, and therefore not an abuse of discretion, for the district court to exclude materials the defendant sought to admit to support his belief that the tax laws are unconstitutional. 308 Fed. App'x 882, 886-87 (6th Cir. 2009). Furthermore, any documents submitted by Boulton expressing his unique views regarding the tax code would clearly be hearsay under Federal Rule of Evidence 801(c) to the extent that Boulton would offer them for the truth that the tax code is invalid or unconstitutional. Accordingly, the Court finds that Boulton may not submit documentation into evidence to support his belief that the tax code is invalid or unconstitutional. However, the Court's ruling does not prohibit Boulton from submitting documentation as evidence of his belief that his own income was not taxable. *See id.* at 886; *Gaumer*, 723 F.2d at 725.

## VI. FRE 403

Finally, the United States argues that the following evidence should be excluded under Federal Rule of Evidence 403 as more prejudicial than probative: (1) obsolete case law, sections of the Internal Revenue Code, and corresponding regulations; (2) defendant's own testimony as to legal conclusions and reading of passages from legal precedent; (3) defendant's cross-

examination of unqualified witnesses as to questions of law.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### A.  Case Law

Evidence of obsolete case law, sections of the Internal Revenue Code, and corresponding regulations may be relevant to show that Boulton relied on them in forming his own belief that he did not have to file income tax returns. However, consistent with the Supreme Court's holding in *Cheek*, they are not relevant for the purpose of demonstrating what the law is, or as proof that the present prosecution is unconstitutional. 489 U.S. at 206. Thus, such evidence would be inadmissible as irrelevant under Federal Rule of Evidence 401 to the extent Boulton offers it for that purpose. *Id.* While admission of obsolete case law and inapplicable tax codes may confuse or mislead the jury, the Court finds that such evidence would not be so confusing or misleading if it is properly admitted for the limited purpose of demonstrating Boulton's state of mind. *See Gaumer,* 972 F.2d at 725 (finding court cases and excerpts of *Congressional Record* admissible for purpose of demonstrating defendant's stated belief that he was not required to file income tax returns); *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992) ("In § 7203 prosecutions, statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance.").

### B.  Defendant's Testimony

Again, consistent with the Supreme Court's holding in *Cheek*, the Court finds that Boulton may testify to his own subjective belief that his income is not taxable, but he may not testify as to legal conclusions about his own interpretations of the law. The Court also finds that Boulton is permitted to read for the jury relevant excerpts of the materials on which he relied. However, his doing so does not necessitate that these materials will be admitted as evidence. *See United States v. Middleton*, 246 F.3d 825, 838-39 (6th Cir. 2001) ("While a party must be afforded an opportunity to read for the jury relevant excerpts of the materials on which he relied in forming his belief that he was not obligated to pay taxes, we have declined to set forth a blanket rule requiring district courts to admit those excerpts into evidence.").

### C. Defendant's Cross-Examination

"A district court is permitted to prohibit questioning that it believes to be unnecessarily confusing of the issues." *United States v. Middleton*, 246 F.3d 825, 838 (6th Cir. 2001) (citing *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998)). "Moreover, inasmuch as a fact witness's testimony intrudes upon questions of law, a district court, as the final arbiter of legal questions, has an obligation to limit, if not terminate altogether, such testimony." *Id.* Accordingly, the Court finds that Boulton may not cross-examine unqualified government witnesses about their interpretations of the law since doing so would confuse the jury.

For the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED in part and DENIED in part.