UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:09-MJ-00091-TBR

UNITED STATES v. CHARLES L. BOULTON

# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant's guilt beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Information. The Information is not any evidence of guilt. It is just the formal way that the government tells a defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the government to prove that a defendant is guilty, and this burden stays on the government from start to finish. You must find a defendant not guilty unless the government convinces you beyond a reasonable doubt that he or she is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so

by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

### INSTRUCTION NO. 3

**Direct and Circumstantial Evidence**

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 4

### The Nature of the Offenses Charged

Count 1 of the Information charges that Defendant Charles L. Boulton, was required by law to file a tax return for the tax year 2002, on or before the 15th day of April, 2003, and that he willfully failed to file such a return.

Count 2 of the Information charges that Defendant Charles L. Boulton, was required by law to file a tax return for the tax year 2003, on or before the 15th day of April, 2004, and that he willfully failed to file such a return.

Count 3 of the Information charges that Defendant Charles L. Boulton, was required by law to file a tax return for the tax year 2004, on or before the 15th day of April, 2005, and that he willfully failed to file such a return.

Count 4 of the Information charges that Defendant Charles L. Boulton, was required by law to file a tax return for the tax year 2005, on or before the 17th day of April, 2006, and that he willfully failed to file such a return.

Count 5 of the Information charges that Defendant Charles L. Boulton, was required by law to file a tax return for the tax year 2006, on or before the 16th day of April, 2007, and that he willfully failed to file such a return.

## INSTRUCTION NO. 5

### The Essential Elements of the Offense Charged

In order to sustain its burden of proof for the crime of willful failure to file a tax return as charged in Counts 1 through 5 of the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:    Defendant Charles L. Boulton was required by law or regulation to file a tax return concerning his income for the taxable year ended December 31, 2002 through December 31, 2006;

Two:    The defendant failed to file such a return at the time required by law; and

Three:  In failing to file the tax return, Defendant Charles L. Boulton acted willfully.

## INSTRUCTION NO. 6

### The Requirement to File a Return - Explained

A person is required to file a federal income tax return for any calendar year in which he has a gross income in excess of the required amount.  Gross income means the total of all income received before making any deductions allowed by law.

Gross income includes the following: (1) Compensation for services, including fees, commissions and similar items; (2) Gross income derived from business; (3) Gains derived for dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income for life insurance and endowment contracts; (11) Pensions; (12) Income from discharge of indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; and (15) Income from an interests in an estate or trust.

For the crime of willful failure to file a tax return, the government is not required to show that a tax is due and owing from the defendant.  Nor is the government required to prove an intent to evade or defeat any taxes.

A person who is married and files separately is required to file a return if his gross income for the calendar year 2002 exceeded $ 3,000.00, even though that person may be entitled to deductions from that income so that no tax is due.

A person who is married and files separately is required to file a return if his gross income for the calendar year 2003 exceeded $ 3,050.00, even though that person may be entitled to deductions from that income so that no tax is due.

A person who is married and files separately is required to file a return if his gross income for the calendar year 2004 exceeded $ 3,100.00, even though that person may be entitled

to deductions from that income so that no tax is due.

A person who is married and files separately is required to file a return if his gross income for the calendar year 2005 exceeded $ 3,200.00, even though that person may be entitled to deductions from that income so that no tax is due.

A person who is married and files separately is required to file a return if his gross income for the calendar year 2006 exceeded $ 3,300.00, even though that person may be entitled to deductions from that income so that no tax is due.

**INSTRUCTION NO. 7**

**Count 1 - Failure to File Tax Return**

Defendant Charles L. Boulton is charged in Count 1 of the Information with failure to file a tax return in violation of Section 7203 of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One:   The defendant had a gross income of more than $ 3,000.00 for the calendar year ending December 31, 2002.

Two:   The defendant failed to file an income tax return by April 15, 2003; and

Three: The defendant's failure to file an income tax return was willful and not the result of negligence.

## INSTRUCTION NO. 8

### Count 2 - Failure to File Tax Return

Defendant Charles L. Boulton is charged in Count 2 of the Information with failure to file a tax return in violation of Section 7203 of Title 26 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One:     The defendant had a gross income of more than $ 3,050.00 for the calendar year ending December 31, 2003.

Two:     The defendant failed to file an income tax return by April 15, 2004; and

Three:   The defendant's failure to file an income tax return was willful and not the result of negligence.

**INSTRUCTION NO. 9**

**Count 3 - Failure to File Tax Return**

Defendant Charles L. Boulton is charged in Count 3 of the Information with failure to file a tax return in violation of Section 7203 of Title 26 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One:    The defendant had a gross income of more than $ 3,100.00 for the calendar year ending December 31, 2004.

Two:    The defendant failed to file an income tax return by April 15, 2005; and

Three:  The defendant's failure to file an income tax return was willful and not the result of negligence.

**INSTRUCTION NO. 10**

**Count 4 - Failure to File Tax Return**

Defendant Charles L. Boulton is charged in Count 4 of the Information with failure to file a tax return in violation of Section 7203 of Title 26 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One:   The defendant had a gross income of more than $ 3,200.00 for the calendar year ending December 31, 2005.

Two:   The defendant failed to file an income tax return by April 17, 2006; and

Three: The defendant's failure to file an income tax return was willful and not the result of negligence.

## INSTRUCTION NO. 11

### Count 5 - Failure to File Tax Return

Defendant Charles L. Boulton is charged in Count 5 of the Information with failure to file a tax return in violation of Section 7203 of Title 26 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One:    The defendant had a gross income of more than $ 3,300.00 for the calendar year ending December 31, 2006.

Two:    The defendant failed to file an income tax return by April 16, 2007; and

Three:  The defendant's failure to file an income tax return was willful and not the result of negligence.

## INSTRUCTION NO. 12

### Time Required by Law

The second element of the offense of failure to file a tax return is that the defendant failed to file a timely income tax return for each of the years charged in the Information.

The law provides that a return made on the basis of the calendar year shall be made on or before the 15th day of April, following the close of the calendar year, except when April 15th falls on a Saturday, Sunday, or legal holiday; returns are due on the first day following April 15th which is not a Saturday, Sunday, or legal holiday.

**INSTRUCTION NO. 13**

**"Willfully"- Defined**

In order to sustain its burden of proof for the crime of failure to file tax return as charged in Counts 1 through 5 of the Information, the government must prove beyond a reasonable doubt that Defendant Charles L. Boulton acted "willfully."

To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty.

Negligent conduct is not sufficient to constitute willfulness.

**INSTRUCTION NO. 14**

**Summaries Not Admitted in Evidence**

You have seen some charts and summaries that may help explain the evidence. That is their only purpose, to help explain the evidence. They are not themselves evidence or proof of any facts.

## INSTRUCTION NO. 15

You have heard testimony that the defendant failed to file income tax returns for years 2000 and 2001, which are not charged in the Information.  If you find that the defendant did do this, then you can consider the evidence only as it relates to whether the defendant acted willfully in failing to file the tax returns as charged in the Information.  You must not consider it for any other purpose.  You may only consider it as to the government's claim of defendant's absence of mistake in failing to file the income tax returns.

Remember that the defendant is on trial here only for the charges set forth in the Information and not any other acts.  Do not return a guilty verdict unless the government proves the acts charged in the Information beyond a reasonable doubt.

## INSTRUCTION NO. 16

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 17

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 18

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

## INSTRUCTION NO. 19

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 20

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 21

If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the government has proved a defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

## INSTRUCTION NO. 23

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 24

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

### INSTRUCTION NO. 25

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.